Mr. Golden, the Court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act, and you may proceed. Thank you, Your Honor. I'm happy to do it. Good morning. As you know, my name is Robbie Golden. May it please the Court, I represent Jeremy Ward under the Criminal Justice Act. I was trial counsel in this case. Mr. Ward was charged with nine separate counts under the superseding indictment of various sexual offenses. He went to trial at a jury trial. He was convicted of all nine counts. He was ultimately sentenced to serve a term of 480 months in the Grove Prisons. And from that case we appealed, there's only one count is at issue at this, in front of the Court. It's the jury instruction issue as to count one. And in this case, it's somewhat difficult because I think this is a case of first impression for this Court. I don't think we have any law on this particular issue. And so I've cited some out-of-circuit cases, and I'm asking the Court to, I guess, adopt or at least take guidance from the Eleventh Circuit. So at issue, the heart of the issue is this statute is drafted very broadly for a purpose, I believe, to capture as many offenders as it possibly can. And in doing so, it's created an issue to where the Court instructed the jury that Mr. Ward only had to be, well, let me back up. The statute requires that an individual persuade or entice a minor to engage in a certain sexual act that must be a criminal offense. But the way the statute is written, it says any person and any offense. And that's where I think we became at odds with the District Court. Because in this particular case, I think this kind of points out the problem with this reading the statute as that broadly, is because in this case there is an offense. So Mr. Ward was indicted with having the ultimate issue that he was asking the minor to engage in was sexual indecency with a minor. And in Arkansas, that charge actually has an affirmative defense of mistake of age. A mistake of age defense. But the language suggests that the language of the statute says can be charged, right? Correct. Correct. And one can be charged without reference to an affirmative defense, because that's the defense's burden. Right? Absolutely. And so if the Court takes that position, then I lose. I mean, if the Court takes a position that it's just any charge you can be charged with, then I'm dead in the water. I just, I don't think that's the law and I don't think that can be the law. I mean, it's. Well, you better get me over the plain language. And that's fair. So this, again, as I said earlier, the statute's been interpreted very broadly to capture a number of offenders. And so, for example, in Spolok, which is decided by the government, it was a clever argument. He's arguing that he was talking to an agent that wasn't even a minor, that was a mother. And so he's arguing that how can I be guilty of an offense when I'm not even trying to entice the minor? Well, we take that very broadly, as with all the attempted cases that we've had in front of this Court, is if you, even if you're talking to an agent, you can still attempt. Not sure I'm answering your question, but this case is not an attempt case because the actual charge that he was, not charged with, the charge, the offense that we're talking about here was completed. It wasn't an attempt. And so, again, I may not be able to get you over that hurdle, but I don't think it's possible to say that, to charge a jury, that this person must entice a minor to engage in an  That, to me, just seems overly broad, and that's my problem with it. And so I think you have to name the offense, and you have to give them the jury. You have to give them what the offense is. And in this case, we told them what the offense was. The instruction only said that he can be charged with that offense. So the 11th Circuit has taken the other tack, that it must be a crime. Not that you'd be charged with it, but it must be a crime. And so... It's completed, right? It's completed. This one was complete. And so, this one was done. The actual charge, the sexual indecency of the child was completed. That just requires that you engage with a child and ask them to do something. He did that. And so, again, I think that highlights the problem with this statute. Your concern is that the statute... One way to read the statute is to say, as long as the person could be charged, that's sufficient. But that would bring in innocent conduct, because you could be charged with something of which you're not guilty. Is that the point? Yes. Yes is the answer. It would be probable cause to charge people who are not guilty, who are innocent. And that's why this one's even more unique, because... I'm sorry. So, what do you think the standard should be? I think that it should be that a crime... That whatever you're asking a minor to engage in is an actual criminal offense. Not that you should be charged with it. That you're asking them to engage in, say, rape, sexual indecency, whatever it is, that has to be a criminal offense. Not just something that you should be charged with. And again, that's why I think this one is somewhat unique, because not only can you be charged with this, and not to get into the weeds, but an Arkansas can be charged with anything. We're charged by information. There's no probable cause of violence in Arkansas. So you could be charged with anything in my state. That notwithstanding, the point is, he could have been charged with this, but there was an actual defense to it. And he could not raise that. And so if you go into the language of any offense, you could be charged with the offense. Now we're going to ignore legitimate defenses to those, which is what happened here. And that's why I think it's problematic. You're not suggesting that it requires a conviction, are you? I'm not. I think the conduct needs to be criminal, and I'm not trying to mince words with you. But there could be situations where they couldn't convict because it didn't happen. That's where we get into the intent. And so this court's been very clear. It doesn't have to be a factual reality. This thing doesn't have to actually happen. But what I'm proposing to this court is that you can't just say someone can be charged with an offense, and that'd be sufficient. Now there's some, when you read some of the other circuits, there's arguments about unanimity and other issues like that, but I don't think that's before the court here. It may be an issue. A case that's distinguishable on that ground, I think, is have you found a case that involved an instruction? I'm sorry? Have you found a case that involved an instruction? Yes, I believe the 11th Circuit cases both involved instructions. One of them did not reverse on the instruction, but it took great detail to say here's what needs to happen when this is, because it was reversed, here's how you need to instruct next time. In the other case, it was not raised, so they took a harmless error view of the instruction issue, and they said it was harmless, not harmless, but yeah, there was overwhelming evidence. And so they did not really reach the jury instruction issue. But I will say in that case, it makes clear that the judge, the district court in that case, did say that the, I'm sorry, Your Honor, give me one moment, it was jockish, J-O-C-K-I-S-H, and it was that the enticement to engage in sexual activity would be a crime if completed. And so that, to me, is the instructive language that I'm asking. The government seems to agree with that. They cite the 11th Circuit, jockish, and say we should use that instead of Judge Posner's. Jockish is a unanimity case, but when they discuss the district court's instruction, how he actually instructed the court, they quote the district court saying that he believes the offense just means that you have to engage in sexual activity that would be a crime if  That's not really the issue in that case, but they reference it in the opinion that that's how the district court saw the issue. I think perhaps I didn't ask my question. I'm sure you did, Your Honor. I probably. I'm sorry? I'm certain you did. I mean, I've asked it specifically, but what I meant was, have you found a case that involved an instructional difficulty with respect to an affirmative defense? Oh, no. I have not. I did not understand that question.  I'm into my rebuttal, so I'm going to take a seat and save. What about the government's point that your man also committed this Arkansas sexual assault offense, which I guess was at issue at one point, and then they decided to withdraw it when the judge didn't give the affirmative defense instruction, but I think their point is it's a no-brainer because there's no affirmative defense on that. There's not. What would be the argument that he didn't commit that offense? It's that the victim in the case, when she testified, told different stories. At trial, she told- About what happened or about her age? No, about what happened. So the sexual context required for sexual assault in the second degree, and so her initial story to the law enforcement was that he touched inside of her waistband, not on a sexual order. You mean, so there'd be an argument that the conduct didn't violate? It'd be a fact question. There'd be an argument that the conduct didn't violate? Correct. That it wouldn't be a criminal offense. I see. Okay, you may reserve the balance. Thank you. Thank you, Your Honor. Ms. Bright, we'll hear from you. Good morning. May it please the Court, my name is Leslie Bright, and I'm here to represent the United States. The Court should affirm Ward's conviction based on the plain language of 18 U.S.C. 2422b. The decisions of this Court and multiple other circuits only require the United States to prove the defendant communicated to entice the minor to engage in sexual activity for which any person can be charged. As multiple- What do you think that means? It does not mean that a predicate offense needs to be indicted or proven. There's no predicate offense requirement in the statute. But what would be the limiting principle? Mr. Golden says, well, anybody can be charged with anything in Arkansas by information. Right. Is there some evidentiary threshold? First of all, it's a jury determination as to whether they could be charged. And the jury listened to the overwhelming evidence at trial and determined that it was chargeable. The word chargeable is not defined. That's why I'm asking. What does it mean? Right. But I mean, it has to be something. The jury has to determine it's enough that he could be charged with a criminal- What do you mean by enough? It's not defined, but it's for the jury to determine whether his conduct and the sexual activity could be charged. The actual offense is, of course, the federal offense, the communication to entice. But the jury here listened to overwhelming evidence of his communication, trying to entice the minor, and overwhelming evidence of his reasonable knowledge that she was under the age of 15. So under the Harmless Error Review Standard, even if there were any error, they heard testimony that the minor told Mr. Ward she was 17. He said, you look a lot younger. She had sent him messages saying that she lived with her parents. She had gotten detention at school. She sent a picture of her bed with stuffed animals on it. She said she was making a fort out of pillows or blankets. And so the jury heard all of this evidence and concluded that he could be charged. The sexual activity could be charged. This court and the first and second court circuits have not interpreted 2422B to require actual violation of the state offense. And the 6th, 9th, and 11th circuits have all directly held the government does not need to establish that the defendant could be prosecuted under a particular law, and have held that the government is only required to prove the underlying sexual activity would be chargeable as a crime if it was completed. I still don't know what you mean by chargeable. You don't want to answer that. Well, you know what? Congress put that language into the statute, as we know. And Congress could have added language that required it be charged and it be proven. And there are other statutes where Congress has a predicate offense requirement. And they didn't do that here. And Ward does ask the court to look at the reasoning of a 7th Circuit case. That's the Posner decision, United States v. Manova. That case is an outlier, not only among other circuits, but in its own circuit. The 7th Circuit hasn't even followed or applied Manova after it was decided. In Manova, the 7th Circuit actually reversed on another basis on prosecutors' remarks during closing, not the 2422B issue. But they did state that the explicit language of the statute, despite what it actually says, means that the defendant must have committed a crime. After Manova, the 7th Circuit came back in Berg, that's United States v. Berg, B-E-R-G, and held that the statute, 2422B, criminalizes persuasion and the attempt to persuade, rather than the underlying sexual activity. Made no mention of Manova and did not apply its holding. And I want to point out that the 6th, 9th, and 11th Circuits have specifically considered Manova and rejected it. But the 11th Circuit case that you like does say that the government must prove that the defendant enticed the minor to perform acts that would violate the statute if completed. Do you agree? Is that still, is that your position, or do you say it has to be chargeable? They did consider, okay, so in that case, they said that 2422B doesn't require proof that the defendant could have been prosecuted under a certain law, as long as they can conclude that it would have been proposed criminal sexual activity if it had been completed. This involved a fictitious minor. So if that- Do you agree that the conduct would have to violate the statute if completed? Is that your position, or- My position is that- It has to be chargeable, even if it's not a crime. My position is just that it's the sexual activity for which any person can be charged. It does not have to be shown to have been violated. So, and I wanted to also point out that this court in Spurlock did also decline to read in a predicate offense requirement into the statute. Spurlock had argued that his contact with a fictitious child and a fictitious adult intermediary didn't constitute statutory rape or statutory sodomy under Missouri law. The court did note that that was beside the point, because his communication with them, attempting to entice the minor to engage in sexual activity, was that which could be charged, and was within the scope of 2422B. We would ask the court to affirm, because there was no abuse of discretion and no harmless, and the error was harmless. Do you still maintain that it was harmless in part because the defendant enticed the minor to engage in a sexual assault? That wasn't brought before the jury. I mean, that was not the underlying, that wasn't in the jury instructions. I know, but it's in your brief. I mean, it could have been proven, yes. It's harmless in the way that the evidence probably could have shown that. I believe that the minor, at trial, testified that, so in this case, a man from Michigan had communicated with the child, and then ended up in Arkansas, and was found in a field with her. His pants were down around his ankles, and he had a roll of tape in his hands. And I believe the minor's testimony at trial was that he had tried to insert his fingers in her vagina, her shorts were too tight, and he had tried to insert his penis in her vagina, but there was a problem getting her shorts situated. That was the testimony the minor made at trial. And so, given all of that, I believe at trial we had tried to ask any alternative for the underlying sexual activity to be the assault, but that was denied by the court. So, it could have been proven, yes. Any error would have been harmless. If there are no further questions, I yield the balance of my time. All right, thank you. We'll hear rebuttal. Mr. Goldman? All right, let me start by apologizing. I said 11th Circuit, S. Manova, and Ms. Bright is absolutely correct. That's a 7th Circuit case. So, I believe 7th Circuit and 11th Circuit have kind of gone the direction that I would like to see this court go. I don't have a lot to rebut. I will address the sexual assault argument, just to say that the way that organically came up is we interjected this self-defense instruction, and we thought the instruction should have that included. That's when they countered the sexual assault. And as the courts noted, once Judge Baker said, no, I'm going to let you do the self-defense instruction, they take off the sexual assault because it wasn't on the indictment, and we had issued concerns about it not being indicted. Whether that's necessary, that's not here for us to decide. It's not really our issue. And I'm out. Thank you, Judge. All right, very well. Thank you for your argument. Thank you to both counsel. The case is submitted. The court will file a decision in due course. That concludes the argument.